## THE NORTE.

### No. 21 of 1945.

District Court, E. D. Pennsylvania.
April 16, 1947.

For former opinion, see 69 F.Supp. 881.

Krusen, Evans & Shaw, by Thomas E. Byrne, Jr., all of Philadelphia, Pa., and Hill, Rivkins & Middleton, by Arthur O. Louis, all of New York City, for libellant.

Rawle & Henderson, by Harrison G. Kildare, all of Philadelphia, Pa., for claimant-respondent.

KALODNER, Circuit Judge.

In this petition, claimant-respondent raises a very narrow point—the weight to be given Lauro's testimony on his analysis of a sample of tartaric acid powder.

The matter was fully discussed in the written opinion filed in this case on February 10, 1947, 69 F.Supp. 881, and the hearing on this petition reaffirms the conclusion of the Court. The evidence disclosed only that Wagner obtained a sample of tartaric acid powder which he submitted to Lauro for analysis. The record was contradictory as to who it was that took the sample; hence, it could not be established that the sample was taken from the powder here in controversy. Similarly, there was no evidence as to how the sample was taken. Accordingly, the Court could attach little weight to Lauro's findings. That Lauro's analysis conformed to Silverman's analysis does not, in the opinion of the Court, fill the gap in claimant-respondent's case on this issue. Moreover, the results were not the same, for Lauro found sulphates, but no salts, whereas Silverman admitted finding both.

The remainder of claimant-respondent's argument comes down to that of credibility. The Court does not have the same difficulty with the Wiley report as does the claimant-respondent. Assuming the Lauro evidence worthy of consideration, it was nevertheless contradicted by the Wiley report, which found both sulphates and chlorides present, as did Silverman.

In the final analysis the issue of credibility centered on the testimony of Millard and Silverman. Having observed and heard these witnesses, the Court (the case having come to trial without a jury) credited the testimony of Millard and sees no reason to change its finding.

Accordingly, the requested modification of the Findings of Fact and Conclusions of Law as stated in the decision already filed is denied.

An order may be entered.